Filed 1/28/15  P. v. Spradley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C077017 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF130461, CRF132678) |
| v. | |
| JAMES ALAN SPRADLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Alan Spradley has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Because we find no arguable error that would result in a disposition more favorable to defendant, we shall affirm.

1

## BACKGROUND

In case No. CRF13-0461 (the assault case), defendant was accused by information of attempted murder (count 1; Pen. Code, §§ 664/187),[1] assault with a deadly weapon (count 2; § 245, subd. (a)(1)), and felony battery with infliction of great bodily injury (count 3; § 243, subd. (d)).  As to counts 1 and 2, it was alleged that defendant inflicted great bodily injury.  (§ 12022.7, subd. (a).)  The information also alleged that defendant served six prior prison terms.  (§ 667.5, subd. (b).)

In case No. CRF13-2678 (the honey oil case), an information accused defendant of knowingly bringing a controlled substance into a jail facility (count 1; § 4573) and conspiring to do the same (count 2; § 182, subd. (a)(1)).  The information realleged defendant's six prior prison terms.  (§ 667.5, subd. (b).)

Defendant pleaded no contest to count 2 in the assault case and admitted the infliction of great bodily injury and three prior prison terms; he also pleaded no contest to count 1 in the honey oil case.  All remaining counts and allegations were dismissed with a *Harvey*[2] waiver.  The indicated sentence under the plea agreement was an aggregate term of 10 years in the assault case (four years the upper term on count 2, plus three-year consecutive enhancements for the infliction of great bodily injury and the three prior prison terms), and one year consecutive in the honey oil case.  The trial court referred the matter to probation for calculation of custody credit and victim restitution.

The parties stipulated to the facts outlined in the written plea agreements as follows:  On February 14, 2013, defendant assaulted Robert H. with a knife, stabbing him in the arm and inflicting great bodily injury on him; defendant had prior felony convictions in 2001, 2003, and 2004, for which he served prison terms.  On or about and

---

[1]  Further undesignated statutory references are to the Penal Code.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

2

between September 1, 2013, and November 7, 2013, defendant knowingly assisted in bringing a controlled substance (honey oil) into the county jail.

The trial court imposed the indicated sentences for a total of 11 years in prison. The court awarded defendant 541 days of presentence custody credit (471 days of actual credit and 70 days of conduct credit), all attributed to the assault case. The court imposed a $500 restitution fine (§ 1202.4, subd. (b)) and a suspended parole revocation restitution fine in the same amount (§ 1202.45) in the assault case, and $300 fines under the same provisions in the honey oil case. The court also imposed various other fees and ordered $1,136.61 in victim restitution in the assault case. Defendant appealed after obtaining a certificate of probable cause. (§ 1237.5)

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                                       DUARTE       , J.


We concur:


    HULL        , Acting P. J.


    MAURO     , J.